UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

KATHLEEN MORESCO,                      CASE NO.: 1:18-cv-24968-XXXX

     Plaintiff,

v.

CARNIVAL CRUISE LINES,
a Panamanian corporation;

     Defendant.

_____/

### AMENDED COMPLAINT

Plaintiff, KATHLEEN MORESCO (hereinafter referred to as "Plaintiff") sues Defendant CARNIVAL CRUISE LINES, a Panamanian corporation (hereinafter referred to as "CCL" or "Defendant") and in support states as follows:

### JURISDICTIONAL ALLEGATIONS

1.    Plaintiff is a citizen and resident of the State of Florida.

2.    Defendant CARNIVAL CRUISE LINES, is a Panamanian corporation incorporated under the laws of Panama having its principal place of business and domicile in Miami, Florida.

3.    The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332.

4.    In the event this matter does not come under diversity jurisdiction of the court, then this matter is being brought under the admiralty and maritime jurisdiction of the court.

5.    Defendant, at all times material hereto, personally or through an agent:

a.      Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office and/or agency in this state and/or county;

b.      Was engaged in substantial activity within this state; and/or

c.      Operated vessels in the waters of this state; and/or

d.      Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 or 48.193; and/or

e.      The contract for carriage between Defendant and Plaintiff requires that the venue for this action be in the United States District Court for the Southern District of Florida.

6.      Defendant is subject to the jurisdiction of this Court.

7.      The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## PRELIMINARY ALLEGATIONS

8.      At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel "Carnival Conquest".

9.      On November 29, 2017, Plaintiff was a paying passenger on Defendant's vessel, which was in navigable waters.

10.      On November 29, 2017, at around 6:40 PM, the Plaintiff was a victim of a violent assault with bodily injuries by a fellow passenger inside her stateroom 2422 that lasted for about thirty (30) to forty (40) minutes.

11.      On this day, Plaintiff entered her cabin along with her minor grandson. Shortly thereafter, the fellow cabin member, entered the cabin with his room key.

12.     When the Plaintiff entered her cabin with her grandson, an employee of Defendant was in the hallway and in the immediate vicinity of Plaintiff's cabin.

13.     While Plaintiff was inside her cabin, with the fellow passenger, a verbal altercation commenced and the Plaintiff feared for her safety, and that of her grandson. This fellow passenger would not allow the Plaintiff to exit the room and the Plaintiff screamed for help and assistance to the Defendant's employee that was just outside of her room and in the immediate vicinity of her cabin door.

14.     While Plaintiff was being assaulted, a person in the cabin adjacent to Plaintiff's cabin, concerned for the safety of the Plaintiff, as she heard the Plaintiff's screams for help, came out of her cabin, and notified the Defendant's employee to intervene and open the door to Plaintiff's cabin to conduct a safety check and/or to call security.

15.     Even though Defendant's employee, was aware and was warned that the Plaintiff was in physical peril, he refused to timely intervene to provide security and safety to the Plaintiff by either opening Plaintiff's cabin door or urgently summoning security.

16.     Plaintiff's violent assault by the fellow cabin passenger continued well beyond the time Defendant's employees were notified of the ongoing assault and thereafter Plaintiff suffered and incurred significant bodily injuries and disfigurement.

17.     Plaintiff has complied with all conditions precedent to the filing of this complaint or such conditions were waived or excused.

## COUNT I – NEGLIGENT MODE OF OPERATION

Plaintiff realleges, adopts and incorporates by reference the allegations in paragraphs one (1) through seventeen (17) as though alleged originally herein.

18.     It was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances and protect her from harm due to reasonably foreseeable risks of injury.

19.     On or about November 29, 2017, CARNIVAL and/or its agents, servants, and/or employees breached their duty to provide Plaintiff with reasonable care under the circumstances by failing to supply Plaintiff with reasonable and timely security intervention after having actual knowledge she was the victim of an ongoing assault.

20.     As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about her body and extremities, suffered severe physical pain, mental and emotional anguish, loss earnings and/or the loss of the ability to earn money, loss of enjoyment of life, physical disability, scarring, impairment, inconvenience in the normal pursuits of life, disfigurement and other mental and/or nervous disorders, suffered aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries and suffered physical handicap. The injuries and damages are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation cruise for which she incurred expenses, including, but not limited to the cost of the cruise ticket for herself, as well as transportation costs.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against the Defendant.

Dated this 19th day of February, 2019.


[Space Intentionally Left Blank]

Respectfully submitted.

CHARLIP LAW GROUP, LC
*Counsel for Plaintiff*
11900 Biscayne Blvd.
Suite 200
North Miami, Florida 33181
Tel.: (305) 354-9313
Fax: (305) 354-9314
dcharlip@charliplawgroup.com

By:
David H. Charlip, B.C.S.
Florida Bar No.: 329932

## CERTIFICATE OF SERVICE

I hereby certify that on 19th day of February, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice electronic filing to the following:

By:
David H. Charlip, B.C.S.
Florida Bar No. 329932

## SERVICE LIST

**CASE NO.: 1:18-cv-24092-CMA**
**KATHLEEN MORESCO vs. CARNIVAL CRUISE LINES**

| | |
|---|---|
| David H. Charlip, B.C.S.<br>**CHARLIP LAW GROUP, LC**<br>11900 Biscayne Boulevard,<br>Suite 200<br>North Miami, Florida 33181<br>Tel: (305) 354-9313<br>Fax: (305) 354-9314<br>Email: dcharlip@charliplawgroup.com<br>*Counsel for Plaintiff, Kathleen Moresco* | Victor J. Pelaez, Esq.<br>**MASE MEBANE & BRIGGS, P.A.**<br>2601 S. Bayshore Drive<br>Suite 800<br>Miami, Florida 33133<br>Tel.: (305) 377-3770<br>Facsimile: (305)377-0080<br>Email: vpelaez@maselaw.com<br>*Attorney for Defendant, Carnival Cruise Lines* |